UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORALES RIVAS OSCAR, | Case No. 1:26-cv-03626 (AMO) |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TANYA ANDREWS, WARDEN, OF THE GOLDEN STATE ANNEX, *et al.*, | Re: Dkt. Nos. 1, 4, 10 |
| Respondents. | |

This habeas action concerns the detention of Petitioner Morales Rivas Oscar, a noncitizen who has lived in the United States for over twenty years.  Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances by a neutral decisionmaker that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order, and Respondents' motion to dismiss.  *See* Dkt. Nos. 1, 4, 10.  For the reasons explained below, the Court **GRANTS** Petitioner's writ of habeas corpus, **DENIES** Respondents' motion to dismiss, and resolves the motion for temporary restraining order as moot.[1]

I.      **BACKGROUND**

Petitioner is a citizen of El Salvador who entered the United States at or near the Gateway International Port of Entry in Brownsville, Texas on or about October 4, 2005.  Dkt. No. 10-1 at 3.

___

[1] In setting a briefing schedule for the Petition and motion for a temporary restraining order, the Court indicated that it intended to rule directly on the Petition.  *See* Dkt. No. 8.  Respondents indicated in their combined response opposing the motion and moving to dismiss that they did not oppose this approach, and did not intend on filing any further briefing in response to the Petition. *See* Dkt. No. 10 at 1.

United States District Court
Eastern District of California

At the time of entry, he was encountered by U.S. Customs and Border Patrol ("CBP"). *Id*. CBP subsequently issued Petitioner a Notice to Appear and then released him. *Id*. According to records submitted by Respondents, though Petitioner was issued a Notice to Appear, the notice was never filed with the Immigration Court, and no hearing was ever held. *Id*. at 4. Following his release, Petitioner began living in Florida. *Id*. at 3. His wife and ten-year old daughter – who depend on him financially – also live in the United States. Dkt. No. 1 ¶ 23. Petitioner further claims that he has kept a clean criminal record and has never had "any run in with the law[,]" which Respondents do not dispute. *Id*.

Petitioner was re-detained by U.S. Immigrations and Customs Enforcement ("ICE") on March 18, 2026, following an automobile accident in which Petitioner was involved. *Id*. Though Petitioner claims that Respondents did not issue a warrant for his arrest (Dkt. No. 1 ¶ 23), Respondents submitted a warrant with their response to the Petition. *See* Dkt. No. 10-1 at 12. The warrant explains that an immigration officer determined "that there was probable cause to believe that [Petitioner was] [] removable from the United States" based on the "the execution of a charging document to initiate removal proceedings against the subject," "biometric confirmation of the subject's identity[,]" and "statements made voluntarily by the subject to an immigration officer[.]" *Id*. The warrant does not indicate that Petitioner's re-arrest was based on any changed circumstances, such as Petitioner being a danger to the community or that he was a flight risk, nor is it clear that Petitioner was ever presented with this warrant.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Petitioner, proceeding pro se, filed this habeas petition and a motion for temporary restraining order on May 11, 2026, arguing that his prolonged detention without an individualized finding of changed circumstances violated his procedural due process rights. *See* Dkt. No. 1 at 16-17. While acknowledging that the "majority of Judges in the Eastern District of California have rejected [this] argument[,]" Respondents maintain that "Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. §1225(b)." Dkt. No. 10 at 1-2. Respondents further argue that "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." *Id*. at 2. After being appointed counsel, Petitioner filed a reply arguing that he is a member of the class in *Maldonado Bautista v. Noem,* No. 5:25-cv-01873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), which further entitles him to release. Dkt. No. 16 at 2–3.

### A.   8 U.S.C. § 1225(b) Does Not Apply to Petitioner.

Respondents' argument regarding the applicability of § 1225(b) has been widely rejected across this circuit, and indeed, throughout the United States. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 91 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11th Cir. May 6, 2026); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sep. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3-7 (E.D. Cal. Oct. 17, 2025) (collecting cases). Applying § 1225(b) to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a

United States District Court
Eastern District of California

recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. Sep. 23, 2025) (collecting cases). As Petitioner was previously released by Respondents, and then re-arrested in the interior of the United States, the Court finds Section 1225(b) inapplicable, and Petitioner's detention under that statute is unlawful. *See, e.g.*, *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026) (petitioner previously released by ICE on his own recognizance could not be subject to detention under 8 USC § 1225(b)); *Singh v. Bondi*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19, 2026) (same); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *3-4 (E.D. Cal. Jan. 8, 2026) (petitioner living in U.S. for over twenty-five years was not subject to detention under 8 U.S.C. § 1225(b)).

Given that § 1225(b) does not apply to Petitioner, the Court need not address Petitioner's new argument raised on reply that he is *Maldonado Bautista* class member. The Court next turns to Petitioner's due process claim.

### B.      Due Process

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)).

#### 1.      Liberty Interest

Though neither party has specified Petitioner's custody status between his release on October 4, 2005, and the date of his detention on March 18, 2026, records submitted by Respondents, and the facts alleged in the Petition, indicate that Petitioner was previously detained and *released* by ICE. *See* Dkt. No. 10-1 at 3. Given Petitioner's prior release into the interior of the United States – and the fact that Respondents have only argued that § 1225(b) controls

United States District Court
Eastern District of California

detention – the Court need not determine precisely what statute applies here because Petitioner has a protected liberty interest in his continued release. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same).

### 2.   *Mathews* Factors

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over twenty years. After his release, Petitioner was able to develop ties in the community by starting a family and working. His "detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at

*United States District Court*
*Eastern District of California*

690; *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S. v. Chestnut*, No. 1:25-CV-01427, 2025 WL 3167826, at *8 (E.D. Cal. Nov. 12, 2025) ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.' ") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained.  And though an immigration officer issued a warrant before his arrest, the warrant on its face does not identify any changed circumstances.  The sole basis justifying arrest was that there was probable cause to believe Petitioner was removable – something that the government has known since it issued the Notice to Appear on October 4, 2005, and released Petitioner into the United States.  *See* Dkt. No. 10-1 at 3.  As there have been no procedural safeguards to determine if Petitioner's re-detention is justified based on changed circumstances, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high."  *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor.  Although the Government has a strong interest in enforcing the immigration laws, its interest in detaining Petitioner without a hearing is "low."  *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093-95 (E.D. Cal. 2025).  In immigration court, custody hearings are routine and impose a "minimal" cost.  *Doe*, 787 F. Supp. 3d at 1094.  "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first.  *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is **GRANTED**.  **IT IS HEREBY ORDERED** that:

1.      Respondents immediately release Petitioner Morales Rivas Oscar from their

United States District Court
Eastern District of California

custody.

2.   Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.   If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.   The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: June 11, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Eastern District of California